**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | |
| | **:** | |
| | **:** | **CASE No. 2:22-CR-117** |
| **v.** | **:** | |
| | **:** | |
| **CORDELL WASHINGTON,** *et al.* | **:** | **JUDGE EDMUND A. SARGUS, JR** |

**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE
CERTAIN EVIDENCE AND ARGUMENT**

Now comes the United States of America, and for the reasons set forth below, seeks a ruling from the Court excluding from the jury's consideration certain material that is improper or irrelevant to the guilt or innocence of the accused and could only serve to either mislead the jury or invite it to decide the case on an improper basis. The United States respectfully submits that the defense should be precluded from offering any evidence or argument before the jury related to: (1) the evidence in this case being seized unlawfully, (2) any evidence pertaining to Columbus Division of Police Detective Brandon Harmon's alleged use of force against an uninvolved party, and (3) any evidence of either Defendant Price or Defendant Johnson's "good acts" or character, other than that which is permitted pursuant to Federal Rules of Evidence 404 and 405. Additionally, the government requests that the Court preclude the defense from introducing any argument, evidence, or lines of inquiry designed to elicit or which has the effect of supporting jury nullification, including potential penalties the defendants will face if convicted.

**PROCEDURAL AND FACTUAL BACKGROUND**

On or about April 18, 2024, the Grand Jury in the Southern District of Ohio returned a Second Superseding Indictment in this case, charging the defendant David Price with violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), 841(b)(1)(B)(i),

841(b)(1)(C), 841(b)(2), 846, and 860(a) (Conspiracy to Commit Drug Trafficking), 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2 (Distribution of Narcotics), 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2 (Possesion with Intent to Distribute Narcotics), 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (Possession of a Firearm in Furtherance of a Drug Trafficking Crime), 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Felon in Possession of a Firearm), 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2 (Distirbution of Narcotics Resulting in a Death), 18 U.S.C. § 1594(c). (Sex Trafficking Conspiracy), and 18 U.S.C §§ 1591(a)(1) & (b)(1) (Sex Trafficking by Force, Fraud, or Coercion). (Doc. #778, Second Superseding Indictment.) That same day, the Grand Jury in the Southern District of Ohio returned a Second Superseding Indictment in this case, charging the defendant, Tavaryyuan Johnson, with violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), 841(b)(1)(B)(i), 841(b)(1)(C), 841(b)(2), 846, and 860(a) (Conspiracy to Commit Drug Trafficking), 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2 (Possesion with Intent to Distribute Narcotics), 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (Possession of a Firearm in Furtherance of a Drug Trafficking Crime) (*Id.*) Trial in this matter on both David Price and Tavaryyuan Johnson is currently scheduled for January 13, 2025, with a Final Pretrial Conference scheduled for January 7, 2025. (Doc. #24, Scheduling Order.)

**A. The Defendants may not seek to suggest to the jury that the evidence in this case was not obtained lawfully.**

The Defendants should be prohibited from suggesting to the jury in any way—be it through argument, cross examination, or some other means—that the evidence in this case was not obtained lawfully. The jury in a criminal case has two main duties. "The first one is to decide what the facts are [based on] the evidence that [the jurors] saw and heard … in court." Sixth Circuit Pattern Criminal Jury Instruction, § 1.02 (2023). The jury's "second duty is to take the law that [the Court

gives it], apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt." *Id.*

The jury's determination of the facts and application of the law to the facts do not turn on its determination of whether the evidence was lawfully recovered.[1] It is not the jury's province to make such a determination. Instead, it is the Court's responsibility to make that determination. *See, e.g.*, *Jones v. United States*, 362 U.S. 257, 264 (1960) ("This provision of Rule 41(e), requiring the motion to suppress to be made before trial, is a crystallization of decisions of this Court requiring that procedure, and is designed to eliminate from the trial disputes over police conduct not immediately relevant to the question of guilt."), *overruled on other grounds by United States v. Salvucci*, 448 U.S. 83, 100 (1980); accord, *United States v. Stuart*, 507 F.3d 391, 395 (6th Cir. 2007) ("[C]ourts rather than juries must ultimately decide whether a Fourth Amendment claim requires the suppression of evidence."). "Once the court [has] upheld the validity of the search, all that [is] left for the jury to decide [is] whether the government proved the elements of the charges beyond a reasonable doubt." *Stuart*, 507 F.3d at 395.

Here, both David Price and Tavaryyuan Johnson asked this Court to find that certain evidence was recovered unlawfully and to further suppress that evidence. Defendant Price filed a motion seeking to suppress evidence from two separate search warrants executed at 139 South Princeton on August 4, 2021 and June 29, 2022, respectively. (*See* Doc# 484: Price Motion to Suppress). Defendant Johnson filed two separate motions to suppress evidence. The first sought

---

[1] In light of (a) the elements of the offenses with which both David Price and Tavaryyuan Johnson are charged and (b) the definition of relevant evidence in Federal Rule of Evidence 401, evidence of whether the evidence was lawfully recovered is *not relevant* – it doesn't make any fact, that is of consequence in determining the action, more or less likely. And as this Court is well aware, "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

to suppress evidence from search warrants executed on June 29, 2022 at 430 A. South Warren and 1214 Smith Road in Columbus, Ohio. (*See* Doc #706, Motion to Suppress Evidence from Search Warrants). Defendant Johnson then filed a motion to suppress evidence from a traffic stop that had occurred in Columbus, Ohio on September 4, 2020. (*See* ECF #847, Motion to Suppress Evidence from a Warrantless Search). The government responded in writing to the motions to suppress evidence seized from search warrants for Price and Johnson and the motion to suppress traffic stop evidence on Johnson was litigated in a hearing before this Court. Ultimately, the Court evaluated the facts of this case and the arguments of the parties and held that all the evidence both Price and Johnson sought to suppress in their respective motions had been lawfully recovered. (*See* ECF# 798, 885, 886 - Opinion and Order Denying Motion to Suppress).

Therefore, neither Defendant Price nor Defendant Johnson should be permitted at trial to relitigate the issue of whether the evidence from the aforementioned searches and seizures was recovered unlawfully. Any such attempt would only serve to confuse and distract the jury from the important task before it.

**B. Any evidence pertaining to Detective Harmon's alleged use of force against an uninvolved part is irrelevant and should be excluded.**

The charges contained within the Second Superseding Indictment are premised primarily on a large scale investigation that was overseen by Brandon Harmon, who is a detective with the Columbus Division of Police (CPD), cross-designated as a Task Force Officer with Homeland Security Investigations (HSI), and who previously worked with the Central Ohio Human Trafficking Task Force but is now assigned to the CPD Gang Intelligence Unit (GIU).

While the government is aware that Detective Harmon was a defendant in a civil lawsuit in federal court[2] involving allegations that he used excessive force against an individual who has no involvement or connection to this case, there was never any finding of wrongdoing by Detective Harmon in that case.  More importantly, nothing in that case had any bearing on Detective Harmon's credibility, bias, or motive in this case.  As such, any evidence pertaining to that civil lawsuit has no relevance to the issues in this case, for impeachment purposes or otherwise, and the defendant should not be permitted to cross-examine Detective Harmon about that case.  Furthermore, if the defendant seeks to cross-examine Detective Harmon regarding any other alleged wrongdoing, he must establish that he has a good faith basis to make such an attack.

A defendant's Sixth Amendment Confrontation Clause right to cross-examine a government witness is not without limits.  *See Taylor v. Illinois*, 484 U.S. 400, 410 (1988) ("The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence.").  The court may restrict cross-examination if a defendant fails to establish that the proposed questioning is relevant.  "It is axiomatic that the right to cross-examination is not absolute because 'the information sought must be relevant.'" *United States v. Diaz*, 26 F.3d 1533, 1540 (11th Cir. 1994) (quoting *Haber v. Wainwright*, 756 F.2d 1520, 1522 (11th Cir. 1985)).  Furthermore, while a witness' credibility can be attacked with questions about specific instances of conduct, the questioner must have "a good faith basis that the instance actually occurred." *United States v. Craig*, 953 F.3d 898, 903 (6th Cir. 2020).

---

[2] Case No. 2:19-cv-03803, before Judge Sargus.

While misconduct by a law enforcement officer may often be an appropriate ground for cross-examination and impeachment, here the lawsuit against Detective Harmon has no relevance whatsoever to this case or his credibility, motivation, or bias. The lawsuit is based on an event that occurred in August of 2018, well before Detective Harmon became involved in the investigation of the defendants and at a time when he was assigned to an entirely different division of CPD. The plaintiff in the lawsuit has no known connection to the defendants or any other witness or victim in this case. The allegation at the root of the lawsuit was use of force, an issue that has no bearing on Detective Harmon's character for truthfulness or untruthfulness. The lawsuit was resolved by way of a settlement, and there was no finding of any wrongdoing by Detective Harmon, nor any indication that he was anything less than truthful during the course of the proceedings. Given that the case is now complete, there is no basis to believe that TFO Harmon would slant his testimony in order to curry favor from the government (who was not a party to the lawsuit in any event) or any other entity involved in this case. Far from being an appropriate impeachment topic, cross-examination of Detective Harmon about this lawsuit is significantly likely to confuse the issues and create a mini-trial within the trial about whether Detective Harmon did or did not utilize excessive force during an event completely unrelated to this case. This Court has "wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). The defendants should therefore be precluded from pursuing any cross-examination of Detective Harmon at trial on such topics.

## C. "Good Acts" evidence is irrelevant and inadmissible.

Evidence of a person's character is generally not admissible to prove that on a particular occasion the person acted in accordance with that character. *See* Fed. R. Evid. 404(a). Federal Rule

of Evidence 404(a)(2)(A) establishes an exception to this rule, permitting a criminal defendant to introduce evidence of a "pertinent" character trait (which the prosecution may rebut) in order to support an inference that the defendant would not have committed the charged crimes. "Pertinence" is generally defined as relevance, meaning that the offered trait must have some tendency to prove or disprove an element of the offense charged or of a claimed defense. *See, e.g.*, *United States v. John*, 309 F.3d 298, 303 (5th Cir. 2002). Courts have found that law-abidingness is a pertinent trait to almost all criminal violations. *E.g.*, *In re Sealed Case*, 352 F.3d 409, 412 (D.C. Cir. 2003) (citing *United States v. Daily*, 921 F.2d 994, 1010 (10th Cir. 1990) and *United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981)).

Yet in recognition of the confusion, unfair prejudice, and substantial delay that would result if defendants were permitted to introduce evidence of each of their purported good acts, the rules of evidence place important constraints on a defendant's introduction of pertinent character trait evidence. Federal Rule of Evidence 405 requires that a criminal defendant attempt to prove good character only through "testimony about the [defendant's] reputation" or by "testimony in the form of an opinion" — not evidence of the defendant's specific purported good acts. See Fed. R. Evid. 405(a). Indeed, the single, narrow exception to this prohibition on the introduction of specific purported good acts is when a defendant's "character or character trait is an essential element of a charge, claim, or defense." Fed. R. Evid. 405(b). This is because, as the advisory committee notes to Rule 405 observe, "evidence of specific instances of conduct . . . possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time" and should only be introduced when "character is, in the strict sense, in issue."

The category of cases for which the defendant's "character or character trait is an essential element of a charge, claim, or defense," is narrow, and not applicable here. *See* 1 McCormick On

Evid. § 187 (7th ed.) (collecting cases and noting that specific instances of conduct are only admissible in the "unusual situation in which an offense, claim, or defense for which character is an essential element is pled," such as an action for defamation or negligence). "[I]n determining whether evidence of [the defendant's] character was an 'essential element' of this defense, 'the relevant question should be: would proof, or failure of proof, of the character trait by itself actually satisfy an element of the charge, claim, or defense?'" *United States v. Clark*, 377 F. App'x 451, 460 (6th Cir. 2010) (quoting *United States v. Keiser*, 57 F.3d 847, 856 (9th Cir. 1995)) (emphasis added). For this reason, character is rarely an element of a charge in a criminal case. *See* Mueller & Kirkpatrick, 2 Federal Evidence § 4.44 (4th ed. 2013) ("Almost never is character an 'element' of a charge or defense in criminal cases") (emphasis in original); *accord* Wright & Miller, Federal Practice and Procedure, 22B Fed. Prac. & Proc. Evid. § 5267 (2d. ed. 2018).

The aforementioned issues, i.e., the either of the Defendant's personal relationships, engagement in particular communities, etc., do not go to their law-abidingness. Similarly, any attempt by Defendant Price to demonstrate that he interacts with others without an intent to sexually exploit them or involve them in drug or sex trafficking does not go to any pertinent character trait. The same is true for Defendant Johnson as it relates to interactions with others with whom he does not engage in drug trafficking activities with. Any other attempts to bolster themselves in front of the jury with evidence of good things, or "good acts" they have done in the community are similarly irrelevant and inadmissible. Additionally, even if evidence of law-abidingness is generally pertinent in criminal cases, the government again stresses that such evidence may only be introduced in the form of reputation and opinion generally, and not by way of specific occasions on which the defendant acted in a lawful manner. *See United States v. Reese,*

666 F.3d 1007, 1020 (7th Cir. 2012) ("Evidence that a defendant acted lawfully on other occasions is generally inadmissible to prove he acted lawfully on the occasion alleged in the indictment.")

The possible means by which the Defendants may seek to offer evidence and arguments concerning specific good acts, and thereby distract the jury from the relevant issues, are limitless. Any evidence or argument of this sort, other than that which is specifically carved out in Rule 405, is inadmissible, and the Court should exclude it.

### D. The issue of punishment is irrelevant to the jury's determination.

It is well established that, unless the jury has a role in sentencing, the jury may not, in reaching its verdict, consider what sentence might be imposed. *Shannon v. United States*, 512 U.S. 573, 579 (1994) (citing *Rogers v. United States*, 422 U.S. 35, 40 (1975)). This principle "is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendants are guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Shannon*, 512 U.S. at 579. Information regarding what sentence might be imposed following a guilty verdict is therefore "irrelevant to the jury's task," *Shannon*, 512 U.S. at 579, and the jury is not to consider the potential punishment that could result from conviction. *See United States v. Johnson*, 62 F.3d 849, 850-51 (6th Cir. 1995); *United States v. Delgado*, 914 F.2d 1062, 1067 (8th Cir. 1990).

Moreover, "[t]o inform the jury that the court may impose a minimum or maximum sentence, will or will not grant probation, when a defendant will be eligible for a parole, or other matters relating to disposition of the defendant, tends to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided." *Pope v. United States*, 298 F.2d 507, 508 (5th Cir. 1962).

Providing sentencing information to the jury "invites [jurors] to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Shannon,* 512 U.S. at 579. Indeed, it has been recognized that "the only possible purpose that would be served by informing jurors of the mandatory sentence would be to invite jury nullification of the law." *Johnson*, 62 F.3d at 850-51. Just as it would be improper for the court to instruct the jury as to its power to nullify, "[an] attorney's attempt to achieve the same end indirectly, by arguing the severity of the punishment to the jury, is equally impermissible." *United States v. Manning*, 79 F.3d 212, 219 (1st Cir.), cert. denied, 519 U.S. 853 (1996).

Information relating to punishment or collateral consequences following conviction is irrelevant to the jury's fact-finding duties, as any such information does not have a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable. *See* Fed. R. Evid. 401. Any such information, including the term of incarceration applicable to the offenses charged, or any collateral consequences of conviction, such as having to register as a sex offender for defendant Price, should thus be excluded pursuant to Rule 402 because it is irrelevant.

## CONCLUSION

Wherefore, the United States respectfully requests that the Court preclude the defendant from seeking to admit at trial any evidence of or propounding any argument related to any of the forgoing issues.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/*Emily Czerniejewski,*
EMILY CZERNIEJEWSKI (IL 6308829)
TIMOTHY D. PRICHARD (0059455)

Assistant United States Attorneys
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5653
Emily.Czerniejewski@usdoj.gov
Tim.Prichard@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Omnibus Motion was served this 25th day of

November 2024, electronically upon all counsel for the defendant.


s/ *Emily Czerniejewski*
EMILY CZERNIEJEWSKI (IL 6308829)
Assistant United States Attorney