**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

    **v.**                                             **Case No. 2:22-cr-0117(3), (5)**
                                                        **JUDGE EDMUND A. SARGUS, JR.**
**DAVID PRICE and TAVARYYUAN**
**JOHNSON,**

        **Defendants.**

**OPINION AND ORDER**

This matter, which is set for trial to begin on January 13, 2025 (ECF No. 924), is before the Court on Defendant Tavaryyuan Johnson's Motion in Limine Concerning Evidence of Prior Court Proceedings. (Mot., ECF No. 1044.) Mr. Johnson asks the Court to exclude evidence related to a criminal case filed against him in the Franklin County Court of Common Pleas (*State of Ohio v. Johnson*, Franklin C.P. No. 20-CR-4267). (*Id.*) He also moves to exclude evidence of a recorded phone conversation with a co-defendant in this case where Mr. Johnson references the Franklin County case. (*Id.*) The Government responded in opposition. (Resp., ECF No. 1048.)

Mr. Johnson filed this Motion, with leave from the Court, after the Final Pretrial Conference held on January 7, 2025. (*See* ECF No. 1042.) For the reasons discussed during that Conference, and expounded upon below, Mr. Johnson's Motion (ECF No. 1044) is **GRANTED IN PART** and **DENIED IN PART**.

1

## I. BACKGROUND

On September 4, 2020, Columbus Division of Police officers conducted a traffic stop of a vehicle that Mr. Johnson was driving.[1] (Resp., PageID 5877.) After arresting Mr. Johnson for operating a vehicle with a suspended driver's license, the officers searched the vehicle and recovered 273 grams of heroin and 312 grams of crack cocaine. (*Id.*) Mr. Johnson was indicted in the Franklin County Court of Common Pleas on drug charges and placed under judicial supervision. (*Id.*; *State of Ohio v. Johnson*, Franklin C.P. No. 20-CR-4267.) The terms of his judicial supervision included electronic location monitoring. (*Id.*) After the United States adopted the Franklin County case, the Franklin County Prosecutor's Office dismissed their case. (*Id.*) The drugs recovered from the September 2020 traffic stop form the basis of Count 2 of the Third Superseding Indictment. (*Id.*; *see also* Third Superseding Indictment, ECF No. 995.)

The Third Superseding Indictment charges Mr. Johnson with seven counts of drug trafficking and possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 995, Counts 1–2, 8–9, 11–13.) The Government argues Counts 1 and 2 are particularly relevant to Mr. Johnson's Motion. (Resp., PageID 5877.) Count 1 charges him with conspiracy to distribute and possess with the intent to distribute fentanyl, cocaine, cocaine base, methamphetamine, heroin, marijuana, alprazolam, and oxycodone. (*See* ECF No. 995.) Count 2 charges him with possession with intent to distribute 100 grams or more of heroin and 280 grams or more of cocaine base on September 4, 2020. (*Id.*)

Pursuant to a wiretap authorized in this case, law enforcement officers intercepted a phone call allegedly made by Mr. Johnson to a co-defendant on June 17, 2022. (Resp., PageID 5878.) During that call, Mr. Johnson "expressed concern that when he reported to his probation officer,

---

[1] For a more complete factual background, the reader is directed to the Court's Opinion and Order on Mr. Johnson's motion to suppress the evidence obtained from this traffic stop. (ECF No. 886.)

he would test positive for controlled substances because he recently had been handling drugs." (*Id.*) According to the Government, Mr. Johnson and his co-defendant "discussed ways that Mr. Johnson could avoid a positive urine screen and therefore conceal his criminal activity." (*Id.*) Mr. Johnson now seeks to exclude evidence of this call as well as evidence related to the Franklin County case. (*See* Mot.)

## II.     STANDARD OF REVIEW

Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine. The United States Supreme Court has noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n.4 (1984) (citing Rule 103(c) of the Federal Rules of Evidence).

Motions in limine allow the Court to rule on the admissibility of evidence before trial to expedite proceedings and provide the parties with notice of the evidence on which they may not rely to prove their case. *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 WL 4753414, at * 1 (S.D. Ohio Oct. 7, 2011) (Marbley, J.). "To prevail on a motion in limine, the movant must show that the evidence is clearly inadmissible." *Id.* (citation omitted). "If the movant fails to meet this high standard, a court should defer evidentiary rulings so that questions of foundation, relevancy, and potential prejudice may be resolved in the context of trial." *Henricks v. Pickaway Corr. Inst.*, No. 2:08-CV-580, 2016 WL 4577800, at *2 (S.D. Ohio Sept. 2, 2016) (Marbley, J.) (citing *Ind. Ins. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).

Whether to grant a motion in limine is within the sound discretion of the trial court; the Court may reconsider the admissibility of evidence and even change its ruling on a motion in limine "as the proceedings give context to the pretrial objections." *Id.* (citing *Branham v. Thomas*

3

*M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir. 2012); *Bennett*, 2011 WL 4753414, at * 1.)

**III.    ANALYSIS**

The Government made clear at the Final Pretrial Conference that it will seek to introduce evidence related to the Franklin County case and the recorded phone call to show that Mr. Johnson knew about the drug trafficking conspiracy and participated in it while on house arrest by selling drugs out of his home. (ECF No. 1042; *see also* Mot., PageID 5862.) Mr. Johnson argues that this evidence is improper character evidence, its probative value is substantially outweighed by the danger of unfair prejudice, and it should be excluded under Rule 403 of the Federal Rules of Evidence. (*Id.*)

The Government clarifies that is does not plan to introduce evidence that Mr. Johnson was charged in the Franklin County Court of Common Pleas. (Resp., PageID 5879.) Instead, the Government intends to introduce evidence that Mr. Johnson was "(1) subject to electronic monitoring and had limitations on his movements and (2) concerned about law enforcement finding out that he had been handling drugs involved in this federal case." (*Id.*) The Government contends that this evidence is relevant, admissible, and should not be excluded under Rule 403. (Resp., PageID 5879.) Any risk of unfair prejudice, according to the Government, should be cured by a limiting instruction. (*See id.*) While Mr. Johnson strongly opposes the Government's position, he agrees that if the Court admits this evidence, a limiting instruction is necessary "to ensure [that] the jury does not rely on the state case for an improper purpose." (Mot., PageID 5864.)

### A.    Evidence of the Franklin County Case

Federal Rule of Evidence 404(b)(1)[2] provides that "evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion

---

[2] Mr. Johnson correctly notes that evidence related to the Franklin County case is not admissible under Federal Rule of Evidence 609. (Mot., PageID 5863–64.) While Rule 609(a) allows a

the person acted in accordance with the character." To determine the admissibility of evidence under Rule 404(b), the Court uses a three-step analysis. *United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004). But the Government submits that the Court need not engage in that three-step analysis because evidence related to Mr. Johnson's Franklin County case falls under the *res gestae* exception to Rule 404(b). (Resp., PageID 5882.)

The Sixth Circuit has recognized that *res gestae* evidence—or "background evidence"—is admissible in limited circumstances when the evidence includes conduct that is "inextricably intertwined with the charged offense." *United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015). "Proper background evidence has a causal, temporal or spatial connection with the charged offense." *Id.* (quotation omitted). This "may include evidence that is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of the witness's testimony, or completes the story of the charged offense." *Id.* (quotation omitted).

But even when evidence is properly considered *res gestae*, it may be inadmissible under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. To be excluded under Rule 403, the prejudice must be unfair. "Evidence that is prejudicial only in the sense that it paints the defendant in a bad light is not unfairly prejudicial." *United States v. Chambers*, 441 F.3d 438, 456 (6th Cir. 2006) (citation omitted).

---

testifying criminal defendant to be impeached with proof of a qualifying prior felony conviction, here, Mr. Johnson was not convicted in the Franklin County Court of Common Pleas. Instead, the Franklin County Prosecutor's Office dismissed the charges against him when the United States adopted the case.

Evidence from the September 2020 traffic stop that led to Mr. Johnson's charges in Franklin County is inextricably intertwined with the crime charged in Count 2. (*See* ECF No. 995.) His judicial supervision stems from the same event as the charged offense—the traffic stop that led to law enforcement recovering narcotics in a car driven by Mr. Johnson. The fact that he was subject to location monitoring explains why he "conduct[ed] his drug trafficking activity from his residence" and is necessary to give a complete picture of Mr. Johnson's whereabouts during the conspiracy. (Resp., PageID 5880.) Confusing gaps would arise without this evidence, like why Mr. Johnson "was not present (or captured on surveillance) at other places" frequented by his co-defendants. (Resp., PageID 5880.) Without this evidence, the Government argues that Mr. Johnson's "patterns will seem unusual and inexplicable." (*Id.*) This Court agrees that evidence that Mr. Johnson was under judicial supervision is properly considered *res gestae* and Rule 404(b) is not implicated.

The complication lies in the fact that the Government cannot introduce evidence of his location monitoring without revealing that Mr. Johnson was on judicial supervision in connection with a different court case. While this may be prejudicial to Mr. Johnson, the Court finds that it is not unfairly prejudicial—it will not lead to a decision on an improper basis. *See United States v. Houston*, 813 F.3d 282, 291 (6th Cir. 2016) (quotation omitted) ("Evidence is unfairly prejudicial when it tends to suggest a decision on an improper basis"). Since this evidence is highly probative to Mr. Johnson's alleged participation in the drug trafficking conspiracy, the Court will cure any potential prejudice by issuing a limiting instruction.

### B.    Evidence of the Recorded Phone Conversation

The Government argues that evidence of the recorded phone conversation between Mr. Johnson and his co-defendant is "an incriminating statement about [his] participation in the drug trafficking conspiracy" that is "admissible to show his consciousness of guilt" as "an attempt to

spoilate the evidence." (Resp., PageID 5880.) The Government intends to call a witness "who will testify that [Mr.] Johnson had a conversation with him about methods that could allow [him] to provide a clean urine screen, despite handling drugs." (*Id.* PageID 5880, n.2.) Mr. Johnson argues that this testimony should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice under Rule 403. (Mot., PageID 5863.)

Generally, evidence of spoliation is admissible to show consciousness of guilt. *United States v. Fortson*, 194 F.3d 730, 737 (6th Cir. 1999). But the same complication as discussed above arises here—the Government cannot introduce evidence of this recorded phone conversation without revealing that Mr. Johnson was under judicial supervision or "probation" in a different court. But the Court finds that the probative value of Mr. Johnson's incriminating statements substantially outweighs the danger of unfairly prejudicing Mr. Johnson. Any potential prejudice can be cured with a limiting instruction given by this Court. The Government is also **ORDERED** to remove references to "probation" from the recorded phone call and focus the evidence and testimony on the fact that Mr. Johnson was concerned that a urine screen would reveal that he had been handling drugs. (*See* Resp., PageID 5883.)

## IV.     CONCLUSION

For the reasons above, Mr. Johnson's Motion in Limine (ECF No. 1044) is **GRANTED IN PART** and **DENIED IN PART**. The Parties are **ORDERED** to file a jointly agreed upon proposed limiting instruction with the Court by **7:00 p.m.** on **Monday, January 13, 2025**.

**IT IS SO ORDERED.**


1/12/2025                                     s/Edmund A. Sargus, Jr.
DATE                                          EDMUND A. SARGUS, JR.
                                              UNITED STATES DISTRICT JUDGE