UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.                                    Case No. 2:22-cr-117(5)
                                           JUDGE EDMUND A. SARGUS, JR.

**TAVARYYUAN JOHNSON,**

      **Defendant.**

## ORDER

This matter is before the Court on Defendant Tavaryyuan Johnson's Unopposed Motion to Amend Record and Correct Clerical Error. (ECF No. 1329.) Mr. Johnson asks the Court to issue an order to correct a clerical error in the judgment after a jury trial in this case. (*Id.*) He argues references to fentanyl in the judgment (ECF No. 1325) and in the Final Presentence Investigation Report ("Final PSR") (ECF No. 1259) were clerical errors because the jury acquitted him of all fentanyl-related charges. (ECF No. 1329, PageID 8613–14.)

Federal Rule of Criminal Procedure 36 states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

In determining whether Mr. Johnson was guilty of Count 1 (the conspiracy charge), the Government had to prove beyond a reasonable doubt, and the jury had to find, "[t]hat two or more persons conspired, or agreed, to distribute and possess with intent to distribute fentanyl, cocaine, cocaine base, methamphetamine, heroin, marijuana, alprazolam, *or* oxycodone" (among other elements). (ECF No. 1115, PageID 6175 (emphasis added).) As to Mr. Johnson, the jury checked the guilty box on the verdict form as to Count 1, charging him with "Conspiracy to Distribute and

Possess with Intent to Distribute Fentanyl, Cocaine, Cocaine Base, Methamphetamine, Heroin, Marijuana, Alprazolam, *or* Oxycodone." (ECF No. 1124, PageID 6399 (emphasis added).) On the special jury findings for that Count, the jury found Mr. Johnson had conspired to possess with intent to distribute various amounts of cocaine, cocaine base, and heroin, but not fentanyl. (*Id.* PageID 6400.) Additionally, as Mr. Johnson points out, while the Final PSR and judgment reference the United States Code sections corresponding to heroin (21 U.S.C. § 841(b)(1)(B)(i)), cocaine base (21 U.S.C. § 841(b)(1)(B)(iii)), and cocaine (21 U.S.C. § 841(b)(1)(C)), the documents do not cite the United States Code sections corresponding to fentanyl (21 U.S.C. § 841(b)(1)(B)(vi)). (ECF No. 1329, PageID 8614; *see* ECF No. 1259, PageID 7739 (Final PSR); ECF No. 1325, PageID 8591 (Judgment).)

These errors are ones "merely of recitation" and "not . . . one[s] of judgment or even of misidentification," and so Mr. Johnson's Motion is well-taken. *United States v. Anderson*, No. 25-1005, 2025 U.S. App. LEXIS 16519, at *11 (6th Cir. July 3, 2025) (quoting *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004)). Mr. Johnson's Unopposed Motion to Amend Record and Correct Clerical Error is **GRANTED**. (ECF No. 1329.) The judgment will be amended accordingly.

IT IS SO ORDERED.

**10/1/2025**               s/Edmund A. Sargus, Jr.
**DATE**                    **EDMUND A. SARGUS, JR.**
                            **UNITED STATES DISTRICT JUDGE**